UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDI HEBERT                                                       CIVIL ACTION

VERSUS                                                              NO. 18-5053

ROBERT SPEARS                                                       SECTION "I" (2)

## ORDER AND REASONS

This is an Americans with Disabilities Act ("ADA") case in which plaintiff asserts that defendant failed to comply with the accessibility requirements of the ADA at his dentistry office in New Orleans East. Plaintiff also asserts a state law claim. She seeks injunctive and declaratory relief, together with compensatory damages and attorneys fees. Record Doc. No. 1. Although the complaint was filed more than ninety (90) days ago, Fed. R. Civ. P. 4(m), defendant has not been served. Plaintiff has now filed a motion to appoint an attorney to represent the "absentee defendant." Record Doc. No. 4. Plaintiff generally asserts that "a diligent effort" has been made to serve defendant, but it has been unsuccessful. Record Doc. No. 4, p. 5.

In support of her motion, plaintiff has submitted two affidavits, one as supplemented by a professional process server, Robert Garcia, Record Doc. No.6-2; and the other by James R. Daniel, an attorney employed by plaintiff's counsel. Record Doc. No. 4-5. In his affidavit, the process server swears that he attempted personal service seven (7) times on defendant, but only at defendant's place of business, located at 9325 Lake Forest Boulevard, New Orleans, LA 70127. In his affidavit, Daniel swears that he

sent a notice of lawsuit and request for waiver of summons to the same address. Record Doc. No. 4-5, p. 1. There is no evidence that plaintiff attempted domiciliary service or made any other effort to locate defendant elsewhere and serve him personally.

Actual service of a lawsuit is the mechanism by which courts effectuate the essential constitutional requirement that due process rights are protected by notice and a meaningful opportunity to be heard. See Fuentes v. Shevin, et. al., 407 U.S. 67, 80 (quoting Baldwin v. Hale, 68 U.S. 223, 233 (1863)). "It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.'" Fuentes, 407 U.S. at 80 (quoting Armstrong v. Manzo, 380 U.S. 545, 552). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 314. Accord Milliken v. Meyer, 311 U.S. 457, 463 (1940).

Fed. R. Civ. P. 4 governs service of process in a federal civil action. Rule 4(e)(1) and (2) provides that an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made, or" by personal service, domiciliary service, or by serving an agent "authorized by appointment or by law to receive service

of process." Louisiana law generally requires that a plaintiff serve a defendant with a lawsuit through either personal or domiciliary service, unless otherwise provided by law. La. Code Civ. P. art. 1231.

In the instant motion, plaintiff argues that this court should permit service on defendant through the Louisiana procedural mechanism of appointing an attorney because defendant is an "absentee," who plaintiff has made a "diligent effort" to serve. Plaintiff cites La. Code Civ. P. arts. 5091 and 5251, which provide, in pertinent part:

> The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
> (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
> (a) A <u>nonresident or absentee</u> who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.
> * * *
> "Absentee" means a person who is either a <u>nonresident</u> of this state, or a person who is <u>domiciled in but has departed from this state</u>, and who has not appointed an agent for the service of process in this state in the manner directed by law; <u>or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort</u>, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.

La. Code Civ. P. arts. 5091(1)(a) and 5251(1) (emphasis added). To prevail on her argument, plaintiff must show that defendant is either a nonresident or an absentee who cannot be found and served after a diligent effort.

-3-

As an initial matter, I am persuaded by the reasoning of Magistrate Judge Bourgeois in Lantz v. State Farm Mut. Auto. Ins. Co., 2017 WL 662989 that La. Code Civ. Proc. art. 5091 "is a Louisiana procedural mechanism that falls outside of the 'state law for serving a summons' that is applicable under Rule 4(e)(1)." Lantz v. State Farm Mut. Auto. Ins. Co., 2017 WL 662989, at *6 (M.D. La. 2/17/17) (emphasis added). In Lantz, the court found that the applicable Louisiana laws for serving process on resident individuals neither reference Article 5091 nor discuss appointment of an attorney for an absentee in-state defendant. Id., La. Code Civ. P. arts. 1231-1237. Lantz persuasively reasons that Rule 4(e)(1) merely authorizes the court to apply state law for serving a summons, but La. Code Civ. P. art. 5091 goes beyond that function. Lantz, 2017 WL 662989 at *7. Article 5091 concerns appointment of an attorney for an absentee defendant, a power broader than merely authorizing a federal court to apply state law for serving a summons. Id. "Rule 4(e)(1) does not authorize the court to apply Louisiana procedural law to aid in service of process on an absentee defendant." Lantz, 2017 WL 662989 at *7.

Lantz is consistent with a similarly persuasive federal court decision addressing Texas procedure for appointment of an attorney ad litem to represent unknown heirs. See Ocwen Loan Servicing LLC v. Lane, 2015 WL 7301182, at *1 (W.D. Tex. Nov. 18, 2015) ("While service may be effected according to state law, providing procedural

protection for a litigant properly served who did not appear goes beyond effectuating service, and it is not at all clear to the Court that Federal Rule 4(e)(1) authorizes the appointment . . . , of an attorney ad litem to represent unknown heirs to the deceased owners of property. Further, Plaintiffs have cited no federal authority sanctioning the appointment of an attorney ad litem under such circumstances.").

Even if this Louisiana article could be somehow grafted into Rule 4(e), as found in <u>Tifco, Inc. v. American Ins. Agency of the South, Inc.</u>, 1989 WL 8838 (E.D. La. Feb. 1, 1989), plaintiff has shown neither that defendant is a <u>nonresident</u> nor that he is an <u>absentee</u> who cannot be found and served after <u>diligent</u> effort. First, it is not disputed that defendant is a resident of the state of Louisiana; in fact, plaintiff asserts that she believes him to be so. Record Doc. Nos. 1, p. 2 and 4-1, p. 2. Second, plaintiff has not proven that defendant, a local dentist, is an absentee who could not be found and served after diligent effort.

In <u>Tifco</u>, the court found that a diligent effort to serve had been established in plaintiff's affidavit of the process server detailing efforts, including at least five attempts, to serve defendants <u>both</u> personally and <u>at their domicile</u>. <u>Tifco</u>, 1989 WL 8838, at *2-3. The plaintiff in <u>Tifco</u> had in fact received a return receipt at the first address bearing the defendant's signature. <u>Id</u>. In the instant matter, the evidence shows that plaintiff attempted service only at defendant's place of business, and never received a signed

return receipt. Record Doc. No. 4. Similarly, in <u>Branch v. Night Wind, Inc.</u>, 477 So. 2d 820, 821 (La. App. 5th Cir. 1985), a deputy testified that he was unable to find the seller of a boat after five or six attempts at <u>both</u> personal and domiciliary service. The defendant in <u>Branch</u> was a commercial fisherman who was away from his otherwise empty domicile for many days at a time. <u>Id.</u> No similar factual showing has been made in this case.

<u>Becnel v. Charlet</u>, 446 So. 2d 466, 467 (La. App. 4th Cir. 1984) is more closely aligned with the facts in the instant matter. In <u>Becnel</u>, plaintiff alleged only that service attempts had been returned by the sheriff marked "address unknown," and that defendant had no fixed address where a person competent to receive service of process lived. <u>Id</u>. at 468. The court found that plaintiff had not demonstrated diligent effort to serve defendant. <u>Id.</u>

Plaintiff's evidence indicates that when Garcia attempted to serve defendant at his place of business, cars were parked in the spots reserved for doctors; on another occasion, the office was closed, even though the attempt to serve was made during listed office hours. Record Doc. No. 6-2. If plaintiff is arguing that defendant has attempted to evade service, Louisiana courts have found that evidence that the defendant is concealing himself is not alone sufficient without a showing that plaintiff made diligent efforts to serve him. See <u>Wood v. Hyde</u>, 209 So.2d 51 (La. App. 4th Cir. 1968) (hearsay testimony

of plaintiff's attorney that defendant was concealing himself was insufficient evidence to establish that the defendant was an absentee under Article 5251); compare Moore v. Moore, 340 So.2d 404, 406 (La. App. 2nd Cir. 1976) (sheriff's return that he was unable to serve defendant <u>at his domicile</u>, coupled with specific evidence that defendant was evading service, established a diligent effort).

In the instant matter, I find that the Louisiana mechanism upon which plaintiff relies is <u>not</u> applicable under Fed. R. Civ. P. 4(e). Even if it might apply, I find that plaintiff has <u>not</u> made a diligent effort to serve defendant, and that defendant has not been shown to be an absentee with no local domicile whose whereabouts are unknown or a missing person who could not be located with diligent effort. There is no evidence that plaintiff has attempted to locate defendant at his domicile, or even to locate the domicile itself, and serve defendant or a person of suitable age and discretion there. In Tifco, the court found that due process requirements were satisfied through appointment of an attorney to accept service <u>only</u> because of "Mullane's discussion of the notice requirements for individuals <u>whose whereabouts are unknown</u> . . . 'it has been recognized that, in the case of persons <u>missing or unknown</u>, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.'" Tifco, 1989 WL 8838 at *4 citing Mullane v. Central Hanover Bank & Trust Co., 70 S. Ct. 652 (1950). The Tifco

court noted that this situation only applies to those persons "whose whereabouts could not with <u>due diligence</u> be ascertained." <u>Tifco</u>, 1989 WL 8838 at *4, <u>citing Mullane v. Central Hanover Bank & Trust Co.</u>, 70 S. Ct. 652 (1950) (emphasis in original). Similar circumstances have not been proven as to the defendant in this case.

For all of the foregoing reasons, plaintiff's motion to appoint an attorney to represent defendant is DENIED.

New Orleans, Louisiana, this \_\_\_\_14th\_\_\_\_ day of September, 2018.

*[signature]*

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE